UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
DANA ESCOFFIER,                                               :
                                    Plaintiff,                :
                                                              :        13 Civ. 8089 (LGS)
            -against-                                         :
                                                              :        OPINION & ORDER
MFY LEGAL SERVICES, et al.,                                   :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

   Pro se Plaintiff Dana Escoffier brings suit against Defendants MFY Legal Services ("MFY") and MFY Board of Directors (the "Board") alleging discrimination, wrongful termination from the Board and slander. Defendants move to dismiss the Complaint on various grounds, including lack of subject matter jurisdiction. Plaintiff acknowledges that the Court lacks subject matter jurisdiction, and moves to transfer the case to state court or, in the alternative, to "stay" the statute of limitations on his claims. For the reasons below, Defendants' motion to dismiss for lack of subject matter jurisdiction is granted, and Plaintiff's motion to transfer is denied.

I. BACKGROUND

   The allegations in the Second Amended Complaint (the "Complaint"), which is the operative complaint, are assumed to be true for purposes of this motion.

   Defendant MFY is an independent legal services organization, incorporated in 1968. In October 2005, Plaintiff accepted the invitation of MFY's then Executive Director to serve on the Board, which he continued to do until February 8, 2011.

   The Complaint alleges that Plaintiff was wrongfully terminated from his position as a Board member in violation of MFY's Bylaws and Mission Statement. The Complaint further

alleges various instances of "conduct that was disparaging and discriminatory" by the Board that amounted to discrimination with intent to cause emotional harm and slander.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim when a federal court lacks subject matter jurisdiction. "Dismissal for lack of subject matter jurisdiction is proper when the district court lacks the statutory or constitutional power to adjudicate a case." *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013) (internal quotation marks and citation omitted). In defending against a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the court's jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## III. DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Neither party disputes that the present case falls outside that grant of limited jurisdiction. The standard bases for federal jurisdiction – federal question and diversity – do not apply: the case does not arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and because all parties are citizens of New York, there is no diversity jurisdiction, *see id.* § 1332(a)(1). Although pro se litigants' complaints should be liberally construed, *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014), jurisdictional requirements are not relaxed based on a litigant's pro se status, *see, e.g.*, *Chestnut v. Wells Fargo Bank, N.A.*, No. 11 Civ. 5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter

jurisdiction is lacking."). Accordingly, the case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Recognizing the fundamental jurisdictional deficiency in his pleadings, Plaintiff now seeks to have his case transferred to the Supreme Court of the State of New York. Plaintiff erroneously relies on 28 U.S.C. § 1406, which provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The present case does not implicate improper venue, and § 1406 authorizes the transfer of a case only between two *federal* district courts. Accordingly, § 1406 has no application here.

Even if pro se Plaintiff's motion were construed to request a transfer to state court pursuant to 28 U.S.C. § 1631, the motion would still be denied. § 1631 provides in relevant part:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

However, § 1631, like § 1406, does not allow an action to be transferred to state court. *McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 428–29 (3d Cir.1983); *see also Giusti v. Morgan Stanley Smith Barney, LLC*, 581 F. App'x 34, 35 (2d Cir. 2014) (same). Because 28 U.S.C. § 610 enumerates only federal courts, transfer pursuant to § 1631 can be only to another "such court," *i.e.*, another federal court. *See Giusti*, 581 F. App'x at 35 (citing *Whitman v. Boats By George, Inc.*, No. 91-CV-792, 1992 WL 57162, at *4 (N.D.N.Y. Mar. 16, 1992)).

Plaintiff requests in the alternative that the statute of limitations on his claims be "stayed" to allow him to file a similar action in state court in a timely fashion. There is no statutory or

equitable basis for tolling the statute of limitations in the present case.  "As a general principle, equitable tolling allows a late filing when a plaintiff has been pursuing his rights diligently and . . . some extraordinary circumstance stood in his way."  *Boykin v. KeyCorp*, 521 F.3d 202, 218 (2d Cir. 2008) (internal quotation marks and citation omitted); *see, e.g.*, N.Y. C.P.L.R. § 208 (allowing tolling due to insanity or infancy); N.Y. C.P.L.R. § 210 (allowing tolling in case of tort victim's death); *Pearl v. City of Long Beach*, 296 F.3d 76, 82 (2d Cir. 2002) (recognizing equitable tolling in New York where plaintiff is fraudulently induced into delayed filing by defendant).  Because nothing prevented Plaintiff from commencing the present action in a timely fashion in state court, the motion to "stay" the statute of limitations is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff's motion to transfer, or in the alternative to stay the statute of limitations, is DENIED.

The Clerk of Court is directed to mail a copy of this Opinion & Order to the pro se Plaintiff.  The Clerk is further directed to close the motions at Dkt. Nos. 55 and 63, and to close this case.

SO ORDERED.

Dated: January 15, 2015
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

4